IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| MARION SHARP, *individually, and on behalf of all others similarly situated,* : : : Plaintiff, : : v. : : GNRG, LLC d/b/a MCDONALDS : : Defendant. : | Civil Action No.: _____ **JURY TRIAL DEMANDED** |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, MARION SHARP ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC, hereby files this Collective and Class Action Complaint against Defendant GNRG, LLC d/b/a MCDONALDS ("Defendant"), and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1. Plaintiff brings this action individually and as a collective action on behalf of all other hourly-paid, non-exempt workers who elect to opt-in to this action to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2. Additionally, Plaintiff brings this action individually and as a Rule 23 class action on behalf of all hourly-paid, non-exempt workers to recover unpaid overtime wages, liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*, and the

Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, as well as certain wages and benefits under the WPCL.

3.  Defendant maintains and operates McDonalds franchises which provide food-and-beverage services to customers.

4.  Plaintiff and the members of the putative collective and class were employed by Defendant as hourly-paid, non-exempt employees and were responsible for handling cooking, cleaning, repairing and general store maintenance.

5.  Defendant failed to pay hourly-paid, non-exempt employees for their pre-shift time spent opening the store, turning on lights and machinery (e.g., grills and fryers), and restocking other materials including, *inter alia*, cups, sauces, and fryer refrigerator products.

6.  Defendant, including its managers and franchisor, was aware of the pre-shift work performed by hourly-paid, non-exempt employees.

7.  Additionally, Plaintiff and other hourly-paid, non-exempt employees were victims of Defendant's common policy of failing to incorporate their non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates. As a result, there were many weeks throughout the statutory period in which Plaintiff and other hourly-paid, non-exempt employees received an hourly rate of overtime hours of less than "one and one-half times the[ir] regular rate," in violation of the FLSA. 29 U.S.C. § 207(a)(1). *See* 29 U.S.C. § 207(e) ("As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee").

8.  Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of himself and the "FLSA Collective," defined as: *all current and former hourly-paid, non-exempt employees who worked for Defendant in the United States at any time within the*

*three (3) years preceding the commencement of this action and the date of judgment. See* 29 U.S.C. §§ 207(a)(1); 216(b).

9. Plaintiff seeks unpaid overtime wages, pre-judgment interest, and liquidated damages pursuant to the PMWA and WPCL on behalf of himself and the "Rule 23 Pennsylvania Class," defined as: *all current and former hourly-paid, non-exempt employees who worked for Defendant in Pennsylvania at any time within the three (3) years preceding the commencement of this action and the date of judgment.*

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

11. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. The Court has personal jurisdiction over Defendant because it is headquartered in the Commonwealth of Pennsylvania.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district.

## PARTIES

14. Plaintiff Marion Sharp is a resident of Philadelphia, Pennsylvania, and worked for Defendant from approximately December 2020 to June 2023.

15. Pursuant to 29 U.S.C. § 216(b), Plaintiff Marion Sharp has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

16. Defendant GNRG, LLC d/b/a McDonalds is a limited liability company with a principal address located at 2626 S. 80th Street, Philadelphia, PA 19153.

3

17. Defendant maintains and operates McDonalds in Pennsylvania.

## **GENERAL ALLEGATIONS**

18. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

19. Defendant employs hourly-paid, non-exempt employees to cook, clean, repair, stock, and perform general store maintenance.

20. At all times relevant to this action, Defendant was an enterprise whose annual gross volume of sales made or business done exceeded $500,000.

21. At all times relevant to this action, Defendant was an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

22. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

23. Hourly-paid, non-exempt employees were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

24. Defendant "suffered or permitted" hourly-paid, non-exempt employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

25. Defendant classified hourly-paid, non-exempt employees as "non-exempt employees" and paid them on an hourly basis without any guaranteed, predetermined amount of pay per week.

26. From December 2020 to June 2023, Plaintiff worked at Defendant's McDonalds located at 1675 Christopher Columbus Boulevard, Philadelphia, PA 19148.

27. Hourly-paid, non-exempt employees would open the store, turn on lights and machinery (e.g., grills and fryers), and restock other materials necessary to perform food-and-beverage services before clocking in to start their scheduled shift.

28. The off-the-clock time hourly-paid, non-exempt employees spent performing pre-shift work off-the-clock directly benefited Defendant.

29. At all relevant times, Defendant controlled hourly-paid, non-exempt employees' work schedule, duties, protocols, applications, assignments and employment conditions.

30. Despite knowing that Plaintiff and other hourly-paid, non-exempt employees performed off-the-clock activities before their shifts, Defendants and their managers did not make any effort to stop or otherwise disallow this off-the-clock work and instead allowed and permitted it to happen.

31. Defendant was able to track the amount of time that hourly-paid, non-exempt employees spent in connection with pre-shift, off-the-clock work performed; however, Defendant failed to pay hourly-paid, non-exempt workers for such time.

32. Defendant's policies and practices deprived hourly-paid, non-exempt employees of wages owed for their performed off-the-clock before the start of their scheduled shift, as described above.

33. Because hourly-paid, non-exempt employees often worked in excess of forty (40) hours in a workweek, Defendant's pay practices also deprived them of overtime pay at a rate of 1.5 times their regular rate of pay.

34. Plaintiff regularly worked in excess of forty (40) hours in a workweek and was not paid for all hours worked in such weeks as a result of the violations alleged herein.

35. By way of example, during the pay period of February 26, 2023, to March 11, 2023, Plaintiff worked eighty-five (85) hours on the clock and additional time performing compensable work off-the-clock.

36. Defendant knew or should have known that hourly-paid, non-exempt employees' time spent in connection with the performance of off-the-clock work before the start of their scheduled shift is compensable under the FLSA, PMWA, and WPCL.

37. Additionally, Defendant also failed to incorporate hourly-paid, non-exempt employees' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates.

38. As a result, there were many weeks throughout the statutory period in which Plaintiff and other hourly-paid, non-exempt employees received an hourly rate for overtime hours less than "one and one-half times the[ir] regular rate," in violation of the FLSA. 29 U.S.C. § 207(a)(1). *See* 29 U.S.C. 207(e) ("As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee").

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

39. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

40. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

41. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective, defined as:

*All current and former hourly-paid, non-exempt employees who worked for Defendant in the United States at any time within the three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective").*

42. Plaintiff reserves the right to amend this definition as necessary.

43. Excluded from the proposed FLSA Collective are Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons.

44. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

45. The employment relationship between Defendant and every FLSA Collective member is the same and differ only by name, location, and rate of pay. They key issues – whether Defendant failed to pay hourly-paid, non-exempt employees for pre-shift time performed off-the-clock and failing to include non-base compensation into their regular rate of pay for purposes of determining their overtime rate – do not vary substantially among the FLSA Collective members.

46. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include over thirty (30) members. The precise number of the FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

47. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and

their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

48. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

49. Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> *All current and former hourly-paid, non-exempt employees who worked for Defendant in Pennsylvania at any time within the three (3) years preceding the commencement of this action and the date of judgment ("Rule 23 Pennsylvania Class").*

50. The members of the Rule 23 Pennsylvania Class are so numerous that joinder of all members is impractical. The Rule 23 Pennsylvania Class members may be informed of the pendency of this class action by direct mail, e-mail, and text message.

51. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Pennsylvania Class, including, but not limited to:

A. Whether the time Rule 23 Pennsylvania Class members spend on pre-shift activities prior to "clocking in" for their scheduled shift is compensable time;

B. Whether the Rule 23 Pennsylvania Class members are owed overtime (above the federally mandated overtime wages due under the FLSA) for time spent performing pre-shift activities and, if so, the appropriate amount thereof; and

C. Whether Defendant was required to incorporate Rule 23 Pennsylvania Class members' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates.

52. Plaintiff's claims are typical of the claims of the Rule 23 Pennsylvania Class members. Plaintiff is a former employee of Defendant and was employed as an hourly-paid, non-exempt employee who has suffered similar injuries as those suffered by the Rule 23 Pennsylvania Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA and WPCL has impacted the Rule 23 Pennsylvania Class in the exact same way.

53. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Pennsylvania Class. Plaintiff is similarly situated to the Rule 23 Pennsylvania Class and has no conflict with the Rule 23 Pennsylvania Class members.

54. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

55. Pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Rule 23 Pennsylvania Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Pennsylvania Class that would establish incompetent standards of conduct for Defendant;

B. Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA and WPCL, has acted or refused to act on grounds generally applicable to the Rule 23 Pennsylvania Class, thereby making equitable relief appropriate with respect to the Rule 23 Pennsylvania Class as a whole; and

C. The common questions of law and fact set forth above applicable to the Rule 23 Pennsylvania Class predominate over any questions affecting only individual members and a class

action is superior to other available methods for the fair and efficient adjudication of the case, especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

56. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of parties is impractical. The Rule 23 Pennsylvania Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

57. Additionally, the damages suffered by each Rule 23 Pennsylvania Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Rule 23 Pennsylvania Class members to bring individual claims. The presentation of separate actions by individual Rule 23 Pennsylvania Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Rule 23 Pennsylvania Class to protect his or her interests.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**
(*Brought on an Individual and Collective Basis*)

58. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

59. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

60. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

61. In most workweeks, Plaintiff and the FLSA Collective members worked over forty (40) hours.

62. Hourly-paid, non-exempt employees would open the store, turn on lights and machinery (e.g., grills and fryers), and restock other materials necessary to perform food-and-beverage services before clocking in to start their scheduled shift.

63. In workweeks in which Plaintiff and the FLSA Collective members worked in excess of forty (40) hours, the uncompensated pre-shift time should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage. 29 U.S.C. § 207.

64. Additionally, Defendants failed to incorporate Plaintiff and the FLSA Collective members' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates.

65. As a result, there were many weeks throughout the statutory period in which Plaintiff and the FLSA Collective members received an hourly rate for overtime hours of less than "one and one-half times the[ir] regular rate," in violation of the FLSA. 29 U.S.C. § 207(a)(1). *See* 29 U.S.C. § 207(e) ("As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee").

66. Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined how long it took for its hourly-paid, non-exempt employees to

perform pre-shift activities and Defendant could have properly compensated Plaintiff and the FLSA Collective members for such time, but did not.

67. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. § 333.100, *et seq.*
## FAILURE TO PAY WAGES AND OVERTIME COMPENSATION
### (*Brought on an Individual and Rule 23 Class Basis*)

68. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

69. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. *See* 43 P.S. § 333.113.

70. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. *See* 43 P.S. § 333.113.

71. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act by failing to properly pay wages and overtime compensation to Plaintiff and the Rule 23 Pennsylvania Class for all hours worked.

72. As a result of Defendant's unlawful acts, Plaintiff and Rule 23 Pennsylvania Class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
## 43 P.S. § 260.1, *et seq.*
## FAILURE TO PAY WAGES DUE AND OWING
### (*Brought on an Individual and Rule 23 Class Basis*)

73. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

74. Defendant paid Plaintiff and the Rule 23 Pennsylvania Class members on an hourly basis.

75. Defendant agreed to pay Plaintiff and the Rule 23 Pennsylvania Class members for all hours worked, as evidenced by Defendant paying them an hourly rate of pay, furnishing them paystubs showing their agreed hourly rates, and instructing them to use Defendant's timekeeping system in order to be paid, or not paid, for any time.

76. Defendant failed to pay Plaintiff and the Rule 23 Pennsylvania Class members for all hours worked, contrary to the agreement.

77. Hourly-paid, non-exempt employees would open the store, turn on lights and machinery (e.g., grills and fryers), and restock other materials necessary to perform food-and-beverage services before clocking in to start their scheduled shift.

78. The pre-shift activities performed by Plaintiff and the Rule 23 Pennsylvania Class members are an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

79. Defendants failed to incorporate Plaintiff and the Rule 23 Pennsylvania Class members' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates.

80. As a result, there were many weeks throughout the statutory period in which Plaintiff and the Rule 23 Pennsylvania Class members received an hourly rate for overtime hours of less than one and one-half times their regular rate.

81. Defendant's conduct and practices, described herein, have been willful, intentional, unreasonable, arbitrary, and in bad faith.

82. Under the WPCL, "[a]ll wages . . . earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment."

83. No provision of the WPCL, including an employee's right to payment of all wages "earned in any pay period" may be "contravened or set aside by a private agreement." *See* 43 P.S. § 260.7.

84. The aforementioned wages and overtime compensation are "wages" that were "earned" within the meaning of the WPCL, and are due and owing under the WPCL.

85. Plaintiff and the Rule 23 Pennsylvania Class members have been denied payment at their "regular hourly rate" for all regular hours worked and overtime compensation for all hours worked over forty in a workweek.

86. As a result of Defendant's failure to pay Plaintiff and Rule 23 Pennsylvania Class members these wages due and owing, Plaintiff and the Ruel 23 Pennsylvania Class members are entitled to liquidated damages equal to twenty-five percent (25%) of the total amount of wages due.

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective and Rule 23 Pennsylvania Class, respectfully requests that this Court grant the following relief against Defendant:

A.      Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B.      Certifying this action as a class action (for the Rule 23 Pennsylvania Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claims (Counts II and III);

C.      Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Pennsylvania Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonable calculated to apprise the class/collective members of their rights by law to join and participate in this lawsuit;

D.      Designating Plaintiff as the representative of the FLSA Collective and the Rule 23 Pennsylvania Class, and undersigned counsel as Class Counsel for the same;

E.      Finding that Defendant willfully violated to the FLSA and the Department of Labor's attendant regulations as cited herein;

F.      Finding that Defendant violated the PMWA and WPCL, and that said violations were intentional, willfully oppressive, fraudulent and malicious;

G.      Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and the Rule 23 Pennsylvania Class the full amount of compensatory damages and liquidated damages available by law;

H.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

I.      Granting an incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective and Rule 23 Pennsylvania Class in this action;

J. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

K. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff Marion Sharp, individually and on behalf of all other FLSA Collective and Rule 23 Pennsylvania Class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Respectfully submitted,

Dated: September 14, 2023  **BROWN, LLC**

*s/ Jason Brown*
Jason T. Brown (PA Bar #79369)
Edmund C. Celiesius (PA Bar #326197)
111 Town Square Place, Suite 400
Jersey City, NJ 07310
(877) 561-0000
jtb@jtblawgroup.com
ed.celiesius@jtblawgroup.com

*Counsel for Plaintiff*